

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St N W*
*Washington, D C  20001*
September 5, 2007

# FILED

OCT − 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Charles Chester, Esquire
51 Monroe Place, Suite 707
Rockville, MD 20850

Re:    Aubrey Randolph Scott
       CR 07-244

Dear Mr. Chester:

This letter sets forth the full and complete plea offer to your client, Aubrey Randolph Scott, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on September 14, 2007.  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

## Charges and Statutory Penalties

1a.  Your client agrees to waive Indictment and to plead guilty to a one-count Information charging a violation of 18, U.S.C. §§ 1341 (mail fraud) and 2 (causing an act to be done).  A copy of the Information is attached.

1b.  Your client understands that, pursuant 18 U.S.C. § 1341, the maximum sentence that can be imposed is 20 year's imprisonment, a potential fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

1c.  In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

### Factual Stipulations

2.    Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty.  It is anticipated that prior to or during the plea hearing, your client  will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

3.    Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006) (hereinafter "Sentencing Guidelines" or "U.S.S.G").  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and  to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

§ 2B1.1

| | | |
|---|---|---|
| (a) | Base Offense Level | 7 |
| (b)(1) | loss more $1 million | 16 |
| | SUBTOTAL | 23 |

The parties retain the right to argue the applicability of any other increases or decreases in offense levels.  In particular, the government will seek an additional two level increase under § 2B1.1(b)(9) for sophisticated means, which Your client may dispute.  In the event that this plea offer either is not accepted by Your client or is accepted by Your client but the guilty plea either is rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

### Acceptance of Responsibility: 3-point reduction

4.    Assuming your client  clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).  Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted

2

authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby
permitting the Government to avoid preparing for trial and permitting the Court to allocate its
resources efficiently.

### Criminal History Category

5.   Based upon the information now available to this Office, it appears that your client
has no prior record.  In accordance with the above, your client's Criminal History Category is I.

### Agreement as to Sentencing Allocution

6.   The government reserves its full right of allocution for purposes of sentencing and
post-sentencing in this matter, including the right to set forth at sentencing all of its evidence
with respect to your client's criminal activities and any proceeding(s) before the Bureau of
Prisons.  Your client acknowledges that the government is not obligated and does not intend to
file any downward departure sentencing motion under Section 5K1.1 of the Sentencing
Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b)
of the Federal Rules of Criminal Procedure.

7.   The government reserves the right to inform the presentence report writer and the
Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to
contest any matters not provided for in this plea agreement.

8.   In exchange for your client's guilty plea, the government agrees 1) to recommend to
the Court a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;
2) to recommend a sentence at the bottom of the applicable guideline range, 3) not to oppose
your client's release pending sentencing; 5) not to oppose your client's voluntary surrender to
commence serving any sentence which is imposed; and 6)  not to oppose your client's request for
the Court to request incarceration at a particular federal facility, provided that your client  (a)
cooperates with the presentence report writer (including answering all material questions
truthfully and providing all financial information requested);  (b) cooperates fully and truthfully
with the Court in any proceeding arising from this matter;  (c) complies with the other provisions
of this agreement; and (d) abides by the conditions set for his release by the Court.

9.   If in this plea agreement the government has agreed to recommend or refrain from
recommending to the sentencing judge a particular resolution of any sentencing issue, the
government reserves the right to full allocution in any post-sentence litigation in order to defend
the sentencing judge's ultimate decision on such issues.

### Court Not Bound by the Plea Agreement

10.  It is understood that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B)
and 11(c)(3)(B),  the Court is not bound by the above stipulations, either as to questions of fact or

as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

11. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Restitution

12. In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court. Your client agrees to an order that he pay restitution in the amount of $1,231,108 to the National Academy of Sciences, 500 Fifth Street, N.W., Washington, DC. 20001.

### Forfeiture

13a. As part of the plea and in addition his restitution obligation, your client agrees to forfeit to the United States a total of $1,231,108. Your client agrees that this amount is property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the fraudulent scheme involving the offense to which your client is pleading guilty under the terms of this agreement. Your client agrees that this amount is subject to forfeiture, pursuant to 28 U.S.C. § 2461(c), and its incorporation of the provisions of 18 U.S.C. § 981(a)(1)(C).

13b. Your client agrees that he has taken actions to spend or otherwise dissipate some of the proceeds he obtained as a result of the fraudulent scheme involving the offense to which your client is pleading guilty and he therefore further consents to the forfeiture of all interests in any asset that he currently owns, has previously owned, or over which he currently or in the past has exercised direct or indirect control, which asset is traceable to, derived from, or fungible with any and all property constituting the proceeds of the fraudulent scheme giving rise to your client's guilty plea in this agreement or constitutes a substitute asset within the meaning of 21 U.S.C. § 853(p). This includes any asset that your client has transferred. Your client makes this agreement on his own behalf, and for any entity on whose behalf he could assert a legal interest.

Your client's agreement for forfeiture includes but is not limited to the following specific property:

- a 2006 BMW M5, Vehicle Identification Number (VIN) WBSNB93586CX0642;

- a 2005 Toyota Sienna, Vehicle Identification Number (VIN) 5TDBA22C65S051290;

- $ 27,026.53 in cash seized from Bank of America account 003926252609;

- $ 4,860.22 in cash seized from Bank of America account 001913422790;

- property located on lot numbered Thirteen (13) in Block lettered "E" in the subdivision known as "KINGS SQUARE" as per plat recorded in Plat Book 153 at Plat No. 17381, among the Land Records of Montgomery County, Maryland which has the address of 11103 Knights Court, Germantown, MD 20876; and

- items seized during the search of 11103 Knights Court which are described on the attached list of eighteen numbers: A01345952, A01294859, A01294861, A01345958, A01345955, A01345956, A01345953, A01345951, A01345954, A01345957, A01294858, A01345959, A01294857, A01294742, A00768816, A01294869, A00768817, and A01294878:

13c.  To effect the forfeiture provisions of this plea agreement through criminal forfeiture procedures, your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

13d.  Additionally, your client agrees to the entry of a Consent Order of Forfeiture in the form of a money judgment, as well as to the forfeiture of property seized by the government before your client's guilty plea. These assets are those set forth above and will be included in a preliminary Consent Order of Forfeiture, which your client agrees the Court should enter at the time of the guilty plea.

13e.  Your client agrees that, notwithstanding how such forfeitable assets may have been titled, your client owns and exercises dominion and control over every asset listed above. A payment plan may be determined by the Court at the time of sentencing.

13f.  Your client further agrees to provide to the United States, prior to entry of his guilty plea, a document signed by Elizabeth Miriam Burgos-Scott, before a notary, stating:

"I, Elizabeth Miriam Burgos-Scott, consent to the entry of an order of forfeiture to the United States of:

- a 2006 BMW M5, Vehicle Identification Number (VIN) WBSNB93586CX0642;

- a 2005 Toyota Sienna, Vehicle Identification Number (VIN) 5TDBA22C65S051290;

- $ 27,026.53 in cash seized from Bank of America account 003926252609;

- $ 4,860.22 in cash seized from Bank of America account 001913422790;

- items seized during the search of 11103 Knights Court which are described on the attached list of eighteen numbers:  A01345952, A01294859, A01294861, A01345958, A01345955, A01345956, A01345953, A01345951, A01345954, A01345957, A01294858, A01345959, A01294857, A01294742, A00768816, A01294869, A00768817, and A01294878:

I further agree to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of this property."

13g.  Your client further agrees to provide to the United States, prior to entry of his guilty plea, a copy of the Stipulation of Settlement in CA 07-994 (CKK) which has been executed by both your client, Elizabeth Burgos-Scott, and you.  The Stipulation of Settlement provides the terms for the forfeiture of:

- property located on lot numbered Thirteen (13) in Block lettered "E" in the subdivision known as "KINGS SQUARE" as per plat recorded in Plat Book 153 at Plat No. 17381, among the Land Records of Montgomery County, Maryland which has the address of 11103 Knights Court, Germantown, MD 20876.

In the Stipulation of Settlement, the government, your client, and Ms. Burgos-Scott agree that the net proceeds from the forfeiture of 11103 Knights Court, Germantown, MD 20876 shall be divided as follows:  the first $500,000 of net proceeds shall be divided 75% to the government and 25% to your client and Ms. Burgos-Scott; and any net proceeds in excess of $500,000 will be divided 55% to the government and 45% to your client and Ms. Burgos-Scott.

13h.  The balance of the outstanding money judgment owed to the government will be reduced by the value of funds received by the government from its disposition of the personal

and real property forfeited under the terms of this agreement. The government intends to provide the victim with restitution from the funds received from the forfeiture. The government further agrees that it will not oppose a request by your client that restitution ordered by the Court as part of a sentence be offset by the funds turned over to the victim by the government through the forfeiture process.

13i. If the government determines that it wishes to effect forfeiture of any asset described in this agreement by a process or procedures that are not part of this criminal case, your client agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of any and all assets whose forfeiture is covered under the terms of agreement.

13j. Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

13k. Your client agrees, prior to or at the time of the sentencing, to provide a full and complete accounting of all assets, real or tangible, held by him and the Paper Perfect Reproductions entity, or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

13*l*. Your client acknowledges and agrees that the government reserves its right to bring a civil action, if necessary, in any jurisdiction for the forfeiture of any of his assets, real or personal, that are subject to forfeiture pursuant to any federal statute; and the parties agree that money in your client's retirement accounts does not constitute proceeds of the criminal activity to which he is pleading guilty.

## Agreement to Cooperate

14. Your client agrees to cooperate, as requested by the government or the National Academy of Sciences ("NAS"), in any civil or administrative inquiry into the loss of money by the NAS caused by his conduct.

## Release/Detention

15. Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should

your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

### Breach of Agreement

16.    Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client  shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

17.    Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

18.    Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

19.    Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client  understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

20.    It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-

barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

21.    By entering this plea of guilty, your client  waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government.  Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

22.    No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

23.    Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor/SYO*

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *Thomas E. Zeno*

Thomas E. Zeno
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Charles Chester, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 9/18/07

*Aubrey R. Scott*

Aubrey Randolph Scott
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9-18-07

Charles Chester, Esquire
Attorney for the Defendant

10

I, Elizabeth Miriam Burgos-Scott, consent to the entry of an order of forfeiture to the United States of:

- a 2006 BMW M5, Vehicle Identification Number (VIN) WBSNB93586CX0642;

- a 2005 Toyota Sienna, Vehicle Identification Number (VIN) 5TDBA22C65S051290;

- $ 27,026.53 in cash seized from Bank of America account 003926252609;

- $ 4,860.22 in cash seized from Bank of America account 001913422790;

- items seized during the search of 11103 Knights Court which are described on the attached list of eighteen numbers:  A01345952, A01294859, A01294861, A01345958, A01345955, A01345956, A01345953, A01345951, A01345954, A01345957, A01294858, A01345959, A01294857, A01294742, A00768816, A01294869, A00768817, and A01294878:

I further agree to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of this property.


_____          _____
Elizabeth Miriam Burgos-Scott                    Date


Notary Public

**Case 0598-647040-MF(1)**
**Inspector Jan Kostka**
**Seizure# 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**
**CATS ID 07-USP-000654**

| Number | Item Identification | Description of Item |
|---|---|---|
| A01345952 | 50-02-212 1034750 | Men's Concord Impresario Watch |
| A01294859 | B21629SS | Michele Deco Diamond Chronograph Silver watch |
| A01294861 | 14 09 1470 1269579 | Concord Men's Watch with black leather band |
| A01345958 | | Men's Gucci watch |
| A01345955 | 9990 B38876 | Raymond Weil Parsital watch |
| A01345956 | 26823CE 2618 | Cartier Roadster Men's Watch |
| A01345953 | WH1151-K1 WL7690 | Tag Heuer men's watch |
| A01345951 | | Men's Gucci watch |
| A01345954 | O521MG 2499C | 18K Cartier Tank Men's Swiss Watch with brown strap band |
| A01345957 | 84.C6.880.2A 2845802 | Movado men's watch with black band |
| A01294858 | 1565 BB 140091 | Women's Cartier Santos |
| A01345959 | 1805204002 Limited edition 241 of 250 | Zenith Grande Class Pink Gold Limited edition 241 of 250 |
| A01294857 | P635453 | Men's Rolex watch with silver gold and blue band |
| A01294742 | | David Yurman Sterling ring with "x" on face with 15 stones with one missing stone |
| A00768816 | | David Yurman Sterling cuff bracelet with black onyx accents<br>John Hardy Gentleman's SS wheat motif bracelet<br>David Yurman multi-strand 16" women's necklace<br>Mikimoto 18" Strand Pearls |
| A01294869 | | Cartier white gold plated "knockoff" love women's bracelet<br>18K Pink Gold with Black rubber DiModolo men's bracelet<br>Christmas Tree costume Jewelry |
| A00768817 | | Pearl stud 18K Mikimoto; 1-Pearl Stud; 18K leaf drop floral earrings; Scott Kay two tone hoop earrings with tiny diamond in each.<br>Scott Kay 17" women's platinum necklace with 2 stones<br>Chimento women's 50" bead necklace w/satin and bright finish with one tiny signature diamond in clasp |
| A01294878 | | Inside jewelry box: 3 pairs of J. Hardy cuff links; 3 pair of Mont Blanc cuff links; 1 pair of DiModolo cuff links; 1 pair of Konstantino cuff links; 1 pair of 14k love knot cuff links; 20" 14K herringbone chain; 24" 14K rope chain with cross pendant; Rose gold ring with oval sapphire and two diamonds; other items are costume. |